STATE of Missouri, Plaintiff-Respondent,

v.

Freeman DILWORTH, Defendant-Appellant.

No. 37308.

Missouri Court of Appeals, St. Louis District, Division One.

Aug. 17, 1976.

James C. Jones, Walter Sheata, Asst. Public Defenders, St. Louis, for defendant-appellant. .

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen.,

Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant was convicted of operating a motor vehicle without the owner's consent and sentenced under the Second Offender Act to five years in the custody of the Department of Corrections. Defendant contends that his conviction is based entirely upon evidence improperly seized incident to an illegal arrest in violation of his Fourth Amendment rights. This point is not, however, properly preserved for review.

■ From the evidence at trial, the jury could have found that on April 15, 1974 a black 1964 Chevrolet Impala automobile was stolen from Edward Steitz. The next day two policemen stopped defendant who was at that time driving Mr. Steitz' car. Defendant had filed a motion to suppress the evidence obtained incident to his arrest, but no hearing had been requested on this motion. No specific items were listed in the motion or recounted at any other time, and no objection to any evidence was made at trial. In fact, after an offer was made by the state to introduce the ignition lock and keys with some screw drivers found in the car, when questioned by the court defendant's counsel replied "No objection". Defendant's present contention that error occurred in the admission into evidence of the automobile and some items found inside is, therefore, not properly preserved. *State v. Ealey*, 519 S.W.2d 314, 320[5] (Mo.App. 1975).

■ Furthermore, plain error, Rule 27.-20(c), cannot be raised because defendant has no standing to assert an alleged illegal search of Mr. Steitz' car. *State v. Damico*, 513 S.W.2d 351, 359[5] (Mo.1974).

We have concluded that the opinion in this case has no precedential value and affirm the judgment in accordance with Rule 84.16.

DOWD and CLEMENS, JJ., concur.